**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ROBERT JAMES SWINT,

    Plaintiff - Appellant,

v.

DISH NETWORK; VERIZON
WIRELESS; BANK OF AMERICA;
BEAR MAN PIG CLUB,

    Defendants - Appellees.

No. 23-4098
(D.C. No. 2:23-CV-00282-HCN)
(D. Utah)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Plaintiff Robert James Swint, appearing pro se, appeals the district court's dismissal of his civil action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's order dismissing this case.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

### A.  Factual Background

In a report and recommendation entered by a magistrate judge, which the district court adopted, the magistrate judge did not describe Swint's factual allegations but rather noted that the allegations were indecipherable or incoherent.  Swint provides the following factual summary, quoted verbatim, in the section of his appellate brief form intended to serve as a summary of the district court proceedings:

> Dish network is an underground network that the United States government is using for trafficking humans, brainwashing subs into torpedos, And mind controlling victims into submission, kid spying you Name it, working with all branches of gov.

Aplt. Br. 2.

### B.  Procedural History

Following the magistrate judge's review of Swint's amended complaint, the magistrate judge issued a report and recommendation, recommending that the district court dismiss the action as indecipherable and without a plausible claim for relief.  Swint filed objections, and the district court overruled the objections and adopted the report and recommendation, dismissing Swint's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Swint appealed to this court.

## II.    STANDARD OF REVIEW

We review de novo the district court's dismissal of an action under 28 U.S.C. § 1915(e)(2) for failure to state a claim, applying the same standards we employ to review dismissals under Federal Rule of Civil Procedure 12(b)(6).  *See Young v. Davis*,

554 F.3d 1254, 1256 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements," are insufficient. *Id.* at 663 (citing *Twombly*, 550 U.S. at 555). In conducting our review, we accept all well-pleaded facts as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

We "can affirm a lower court's ruling on any grounds adequately supported by the record, even grounds not relied upon by the district court." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 879 (10th Cir. 2017) (quoting *Elwell v. Byers*, 699 F.3d 1208, 1213 (10th Cir. 2012)). Because Swint appears pro se, we construe his filings liberally, but we do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We may make allowances for failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but we cannot take on the responsibility of constructing arguments and searching the record. *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

### III.   DISCUSSION

In his appellate brief form, Swint responds as follows to the questions in the form regarding whether the district court applied the wrong law, incorrectly decided the facts, failed to consider important grounds for relief, or for any other reason was wrong:

> I dont think they understood, probably went into shock, the courts Just ruled, this is actually illegal from the start And violates my first amendment
>
> Yes, Samuel B. Roberts (Osama B. Laden) Robert S. Mueller Sept 11 2001 none of these were mentioned Robert Redfield CDC#18 2018, Robert S Bell/Murphy DEA Atlanta/Chicago,
>
> never mentioned it because Its the United States Congress/gov underground International Paper: Dish Network there Premier Service 62 Billion club Verizon 1 plus more
>
> Yes Because theres no way out plus Im sick of 7 years behind bars on 100% made up charges since the signing of the patriot act in 2001, I WANT A GUARANTEE 100%

Aplt. Br. 4.

"Issues will be deemed waived if they are not adequately briefed." *Buhendwa v. Reg'l Transp. Dist.*, 745 F. App'x 297, 298 (10th Cir. 2018) (quoting *Garrett*, 425 F.3d at 840). "And an issue is not adequately briefed if the party's argument is 'incomprehensible.'" *Id.* (quoting *Zander v. Knight Transp., Inc.*, 688 F. App'x 532, 533 (10th Cir. 2017)). The only response that is comprehensible, and therefore not waived, is Swint's statement that the district court's decision was "illegal from the start And violates my first amendment." Aplt. Br. 4. However, Swint provides no argument in support of this statement, and we cannot construct arguments on his

behalf. *See Garrett*, 425 F.3d at 840 (citing *Hall*, 935 F.2d at 1110). "In short, the inadequacies of [Swint's] brief[] disentitle him to review by this court." *Id.* at 841.

## IV.   CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Swint's complaint.

Entered for the Court


Mary Beck Briscoe
Circuit Judge